PER CURIAM.
This disciplinary action is before us on complaint of The Florida Bar and the report of the referee. The referee recommends that respondent Kauffman be found guilty of violating Disciplinary Rules 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, or misrepresentation), 1-102(A)(6) (engaging in conduct that adversely reflects on fitness to practice law), and 7-101(A)(3) (intentionally prejudicing or damaging a client during a professional relationship). Based on mitigating evidence presented by Kauffman, the referee recommends a private reprimand, a two-year probation conditioned on (1) another attorney’s reviewing Kauffman’s divorce cases prior to final hearing for six months and (2) Kauffman attending all continuing legal education courses and seminars on family law, and payment of costs. The Bar petitions for review of the recommended discipline and seeks a ninety-day suspension.
The complaint in this case was initiated by Judge Fay of the Fourth Judicial Circuit after he became aware that Kauffman had forged another attorney’s signature to documents filed with the court. The referee found that Kauffman had in fact forged the documents but relied heavily on the following facts in mitigation: (1) Kauffman had been practicing law for about one year at the time the incident occurred; (2) he presently practices on a part-time basis because he has a full-time teaching position at the University of North Florida; (3) public discipline in this matter would result in respondent losing this position; and (4) he has shown remorse and freely admits his errors. Although it may well be that Kauffman will not again engage in such conduct, we agree with the Bar that submitting a forged document to a court is a serious offense which should not, and will not, be tolerated. Such a fraud on the court clearly cannot be considered minor misconduct for which a private reprimand is appropriate. See Fla.Bar Integr.Rule, art. XI, Rule 11.04(6). Further, respondent Kauffman has previously received a private reprimand from the Grievance Committee of the Fourth Judicial Circuit in an unrelated matter. Therefore, we reject the referee’s recommendation as to discipline. However, in light of the mitigating evidence presented, we find a thirty-day suspension, followed by the recommended two-year probation appropriate.
Accordingly, We approve the referee’s findings of fact and recommendation of guilt and suspend respondent Kauffman from the practice of law for thirty days. This suspension will be effective thirty days from the date of this opinion, giving respondent an opportunity to take necessary steps to protect his clients’ interests. Kauffman shall accept no new business from the date of this opinion. Following this suspension, Kauffman shall be placed on a two-year probation subject to the conditions as set forth above. Judgment for costs in the amount of $1,025.19 is hereby entered against Kauffman, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion, in which ADKINS, J., concurs.